BACKUS, Commissioner of Immigration, v. KATZ.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1917.)

No. 2917.

ALIENS ☞54—DEPORTATION PROCEEDINGS—EVIDENCE.

In a proceeding for the deportation of an alien, evidence *held* insufficient to show that he had received or was receiving the earnings of a prostitute; hence deportation was improperly ordered.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Petition by Harry Katz for writ of habeas corpus against Samuel W. Backus, as Commissioner of Immigration at the port of San Francisco, now succeeded by Edward White, as Commissioner of Immigration at said port. From a judgment discharging petitioner from the judgment and order of the Commissioner directing deportation, the Commissioner appeals. Affirmed.

John W. Preston, U. S. Atty., and Caspar A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Marshall B. Woodworth, of San Francisco, Cal., and S. Luke Howe, of Sacramento, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This case is here on appeal by the commissioner of immigration from the judgment discharging the appellee from the judgment and order of the commissioner directing his deportation. The cause first came up for hearing in the District Court, on demurrer to the petition of appellee for a writ of habeas corpus. The demurrer being overruled, a hearing was had on the merits, resulting in the discharge of the appellee.

The same question is presented here as in the case of Joseph B. Katz v. Commissioner of Immigration, 245 Fed. 316, —— C. C. A. ——, which is decided herewith, namely, whether the testimony before the commissioner is of a nature to support his finding and order of deportation. Besides the testimony noticed in the Joseph B. Katz Case, to which reference is here made, we will review the additional testimony contained in this record which has allusion to Harry Katz.

Harry Katz was a resident of Sacramento, in the state of California, but an occasional visitor to Colfax. Charles H. Hill deposes that, in the latter part of 1909 and the early part of 1910, he saw a person,

known to him by sight as Harry Katz, frequently enter and leave a certain house on Church street, as much as several times a day and on many days; that he saw him superintend alterations and repairs, and enter the house with parcels and leave without them, and in many and divers ways show more than ordinary interest in it. Frank Schillinger says that Katz used said property as a house of prostitution, remodeling the same, and adding small rooms thereto. This does not refer to the house which Joseph Katz owned later. Edward H. Honn deposes that he knew of Katz when it was commonly understood that he conducted and managed a house of prostitution on Church street; that after his arrest, in 1909, Katz proceeded, within a few weeks, to get possession of a house and lot at the north entrance of the city, and to enlarge said house and equip it for prostitution, and, according to general repute, that he continued to conduct and manage it as a house of ill fame; and that he came regularly and continuously from Stockton or Sacramento to Colfax, and remained several days each month, with headquarters in said house, and that Nellie White was commonly described as "Nellie Katz" and as the "Katz woman." Fergus Graham Irving testifies that he has frequently seen Harry Katz, during the last two years, about said house at different times of the day, and that he seemed to be entertaining female inmates; Robert F. Pottol, that these houses were spoken of, and by common repute were known, as houses of ill fame; J. T. Taylor, that during the erection of said house he frequently saw Katz superintending and directing about the place, and acting in a manner indicating proprietorship; Harvey L. Wolfsen, that during the winter of 1912–13 he saw Katz about the house, apparently superintending the repairing. Then follows the statement of an immigration inspector, which cannot be regarded in any sense as testimony to establish the charge.

Now, while there is a variation of the showing here, there is nothing of substance to differentiate this from the Joseph B. Katz Case, and what we have said there upon the subject in hand has pertinent application here, and is decisive, also, of the present controversy. There is no substantive proof in the record competent to establish the fact alleged that appellant received or was receiving the earnings of a prostitute. The Joseph B. Katz Case is therefore decisive of this, and the judgment of the District Court will be affirmed.