## UNITED STATES ex rel. RENNIE v. BROOKS.

(District Court, E. D. Michigan, S. D. November 16, 1922.)

No. 8272.

**1. Aliens ⬉54—Grounds for review of deportation proceedings.**

Decisions of administrative officers in deportation proceedings will not be set aside by a court, unless without any support in the evidence, or in excess of legal jurisdiction, or founded on erroneous conclusions of law, or unless the alien was denied a fair hearing.

**2. Witnesses ⬉306—Immunity from giving evidence against himself extends to an alien; "person."**

Const. Amend. 5, protecting persons from being compelled to give evidence against themselves in criminal proceedings, extends to aliens.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

**·3. Witnesses ⬉293½—Deportation proceeding is civil.**

A deportation proceeding is civil and not criminal in its nature, and the alien may not refuse to answer proper questions on the sole ground that his answers will be incriminating evidence against himself, because they may cause his deportation.

**4. Witnesses ⬉305(1)—Voluntary witness in deportation proceedings waives right to refuse to answer incriminating questions.**

An alien, who in deportation proceedings against him consents to be sworn and testifies in his own behalf, waives any constitutional right to refuse to answer even incriminating questions, if germane to the subject of the inquiry.

**5. Aliens ⬉53—Admission of having committed bigamy before entry held to warrant deportation.**

Deportation of an alien *held* warranted, when he voluntarily admitted that before entry he had committed bigamy, and had been convicted and served a sentence therefor.

Habeas Corpus. Petition by Hugh Emerson Rennie against Walter H. Brooks. Petition dismissed.

John F. Jordan and A. F. Freeman, both of Detroit, Mich., for relator.

Earl J. Davis, U. S. Dist. Atty., of Detroit, Mich., for respondent.

TUTTLE, District Judge. This is a habeas corpus proceeding, brought by an alien who alleges that he is unlawfully detained by United States immigration officials by virtue of a warrant for his deportation, under which they are about to deport him. He asserts that such warrant is illegal and void, and he seeks to be released from custody thereunder. It appears that petitioner was arrested, given a hearing, and thereupon ordered to be deported, on the ground, among others, that he admits having committed, prior to his entry into the United States, a crime involving moral turpitude, namely, the crime of bigamy.

It is urged on behalf of the petitioner (1) that he was denied a fair hearing by the immigration officers; (2) that the crime in question, by reason of certain alleged extenuating circumstances, did not involve moral turpitude; and (3) that the admissions made by him at said hearing concerning his commission of such crime cannot be con-

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sidered as evidence, because they were elicited from him by an immigration inspector in violation of his constitutional right to refuse to testify against himself.

[1] The general rules of law applicable to such a proceeding are too well settled and familiar to call for the citation of authorities or any extended discussion. If, for example, there is any evidence in support of a finding of fact on which the warrant of deportation is based, this court will not review disputed questions of fact, nor substitute its judgment thereon for that of the executive officials vested with authority to decide such facts. In short, findings, decisions, and actions of such officials will be set aside by the court only if they be without any support in the evidence, or if they be in excess of legal jurisdiction and therefore void, or if they be founded on erroneous conclusions of law, or if the alien in question has been deprived of a fair hearing.

1. Careful examination of the record of the deportation proceedings, including the public hearing, at which petitioner was represented by counsel and was afforded ample time and opportunity to prepare and present proofs and arguments in his defense, leaves no room to doubt that his complaint that he was denied a fair hearing is wholly without merit.

2. I find in the record nothing in connection with the circumstances surrounding the commission of the crime referred to, and admitted by petitioner, which can properly be regarded as relieving such crime of the element of moral turpitude ordinarily, if not always, attached thereto.

[2] 3. It is urged with considerable vehemence by counsel for petitioner that the latter has been deprived, by the course of the immigration officials in questioning him concerning the crime charged as a ground for his deportation, of his constitutional immunity, under the Fourth Amendment, against the compulsory production by him of self-criminating testimony, and it is insisted that, as his statements admitting the said crime were given unwillingly and over objections by his counsel, which were overruled by the examining inspector, they did not constitute admissions in contemplation of law, and they cannot be considered as evidence against him in this proceeding. The constitutional requirement referred to provides that—

"No person * * * shall be compelled in any criminal case to be a witness against himself." Const. Amend. 5.

The protection of this, as of various other articles of the United States Constitution, extends to aliens as well as to citizens. Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220.

[3] There are, however, several reasons why the contention of petitioner in this connection cannot be sustained. In the first place, the purpose and effect of this article of the Constitution are to secure a witness from the danger of a criminal prosecution against him which may be aided by his forced disclosures, and not to enable such witness to withhold testimony merely because it might tend to subject him to the results of a civil action, or to some other injury not arising

from a criminal prosecution. Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819.

A deportation proceeding is not criminal, but civil, in its nature, and consequently an alien may not refuse to answer questions properly asked by an immigration inspector designed to ascertain whether such alien is subject to deportation, when such refusal is based upon the sole ground that his answers to such questions will be incriminating evidence against himself, because they may result in his deportation. Low Foon Yin v. United States, 145 Fed. 791, 76 C. C. A. 355 (C. C. A. 9); Tom Wah v. United States, 163 Fed. 1008, 90 C. C. A. 178 (C. C. A. 2); In re Chan Foo Lin, 243 Fed. 137, 156 C. C. A. 3 (C. C. A. 6).

The testimony of petitioner concerning his commission of the crime of bigamy showed that he had already been tried and sentenced to a term of imprisonment for such crime, and had thereafter been released from such imprisonment. This testimony, therefore, could not expose him to a criminal prosecution for that crime, and hence was not within the constitutional privilege mentioned. Brown v. Walker, supra.

[4] Aside from the foregoing considerations, it appears from the record that petitioner consented to be sworn and to testify on his own behalf. He thus waived any constitutional right to refuse to answer even criminating questions, so long as they were germane to the subject-matter of the inquiry. Diggs v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; LeMore v. United States, 253 Fed. 887, 165 C. C. A. 367 (C. C. A. 5).

[5] The waiver of petitioner is made even more manifest by the answers given by him in reply to questions of his own counsel upon cross-examination, in which he disclosed the facts concerning the crime involved freely, fully, and sufficiently to justify the resulting warrant of deportation. Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448; Brown v. Walker, supra.

It is clearly apparent that this petitioner "admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude," within the meaning of the applicable statutory provision, being section 19 of the Act of February 5, 1917, c. 29, 39 Statutes at Large, 889 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), and that he is therefore subject to deportation, under such section, on this ground alone. A discussion of the other grounds on which the government relies thus becomes unnecessary.

An order will be entered dismissing the petition.