**LOUFAKIS v. UNITED STATES.**

No. 5526.

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1935.

David B. Fawcett and Ward Bonsall, both of Pittsburgh, Pa., for appellant.

D. Lloyd Claycomb and Horatio S. Dumbauld, both of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from an order of the District Court below. The appellant, an alien, appeared before a United States immigration inspector in a deportation proceeding, but refused to answer any questions. On petition, the District Court entered an order directing him to again appear before the inspector and to testify to matters pertaining to his entry into the United States. The alien then obtained a rule to show cause why such court order should not be vacated. The District Court discharged this rule to show cause; whereupon the alien took this appeal.

Both appellant and appellee argue to this court the question whether a District Court has jurisdiction in a deportation case to compel a witness to testify by virtue of the authority conferred by section 152 of 8 USCA. We do not regard it necessary to

enter into a discussion of that question. Where our jurisdiction depends on the order under review being final, it is our duty to examine and determine that question, even though not raised by the parties. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616, Western Electric Co. v. Pacent Reproducer Corp. (C. C. A.) 37 F.(2d) 14, and cases there cited. The appellant is at large on bail and has been directed to answer, but such order is interlocutory and makes no final disposition of his case. As was said by the Supreme Court in Cogen v. United States, 278 U. S. 221, 49 S. Ct. 118, 119, 73 L. Ed. 275: "It is only when disobedience happens to result in an order punishing criminally for contempt, that a party may have review by appellate proceedings before entry of the final judgment in the cause."

Such being the case, the present appeal is dismissed for want of jurisdiction.