## LOUFAKIS v. UNITED STATES.

### No. 5872.

Circuit Court of Appeals, Third Circuit.

Jan. 27, 1936.

David B. Fawcett, of Pittsburgh, Pa., for appellant.

D. Lloyd Claycomb and Horatio S. Dumbauld, both of Pittsburgh, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Pennsylvania. Immigration inspectors instituted deportation proceedings against the appellant, an alien, by virtue of section 14 of the Immigration Act of May 26, 1924 (8 U.S.C.A. § 214), alleging that he was unlawfully within the United States. At a preliminary hearing before an immigration inspector the appellant admitted that he was an alien of Greek nationality, but refused to answer any and all questions affecting his right to be and remain in the United States. The government thereupon petitioned that a subpœna issue from the District Court directing the appellant to appear before an immigration inspector, to produce his identification card or passport, and to answer questions. The appellant contested the power of the court to make the order. This issue was heard upon a rule to show cause, which was discharged. The appeal was dismissed on the ground that there was no final order. Loufakis v. United States (C.C.A.) 75 F.(2d) 627. Thereafter the appellant was adjudged in contempt. The appeal is from that order.

■ The appellant maintains that section 16 of the Act of Feb. 5, 1917 (8 U.S.C.A. § 152), does not apply to deportation proceedings, but applies solely to exclusion

cases; and that if construed so as to apply to deportation proceedings, it is unconstitutional in that it authorizes an order which compels a defendant to testify against himself. We find no invasion of the appellant's constitutional rights by the order directing him to answer questions relative to his right to reside within the United States. The constitutional guarantee against self-incrimination is applicable to criminal but not to civil proceedings. Deportation proceedings are civil in character and the person arrested may be compelled by legal process to testify. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221. The sole remaining question raised by the appellant is whether section 16 confers jurisdiction upon the District Court to issue the order requiring the alien to testify. This section provides:

"The inspection, other than the physical and mental examination, of aliens, including those seeking admission or readmission to or the privilege of passing through or residing in the United States, and the examination of aliens arrested within the United States under this section, shall be conducted by immigrant inspectors, except as hereinafter provided in regard to boards of special inquiry. All aliens arriving at ports of the United States shall be examined by at least two immigrant inspectors at the discretion of the Secretary of Labor and under such regulations as he may prescribe. Immigrant inspectors are hereby authorized and empowered to board and search for aliens any vessel, railway car, or any other conveyance, or vehicle in which they believe aliens are being brought into the United States. Said inspectors shall have power to administer oaths and to take and consider evidence touching the right of any alien to enter, reenter, pass through, or reside in the United States, and, where such action may be necessary, to make a written record of such evidence; and any person to whom such an oath has been administered, under the provisions of this subchapter, who shall knowingly or willfully give false evidence or swear to any false statement in any way affecting or in relation to the right of any alien to admission, or readmission to, or to pass through, or to reside in the United States shall be deemed guilty of per-

jury and be punished as provided by section 231 of Title 18. All aliens coming to the United States shall be required to state under oath the purposes for which they come, the length of time they intend to remain in the United States, whether or not they intend to abide in the United States permanently and become citizens thereof, and such other items of information regarding themselves as will aid the immigration officials in determining whether they belong to any of the excluded classes enumerated in sections 136 and 137 of this title. Any commissioner of immigration or inspector in charge shall also have power to require by subpœna the attendance and testimony of witnesses before said inspectors and the production of books, papers, and documents touching the right of any alien to enter, reenter, reside in, or pass through the United States, and to that end may invoke the aid of any court of the United States; and any district court within the jurisdiction of which investigations are being conducted by an immigrant inspector may, in the event of neglect or refusal to respond to a subpœna issued by any commissioner of immigration or inspector in charge or refusal to testify before said immigrant inspector, issue an order requiring such person to appear before said immigrant inspector, produce books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof."

■ We are not convinced by the appellant's contention that the provisions of the above-quoted statute are restricted to exclusion cases. In our opinion the wording is sufficiently comprehensive to include deportation cases. The section by its very terms refers to aliens residing in the United States, and to evidence touching the right of any alien to reside in the United States. As it is too late to exclude an alien when he is already within the United States, it is obvious that the intent of Congress was to grant the requisite power in the event that it should be necessary to deport the alien. We think the District Court had the power to make the order and that the appellant's refusal to comply amounted to contempt. The order is affirmed.