### IKU KONO ISHIHAMA v. CARR.

#### No. 7846.

Circuit Court of Appeals, Ninth Circuit.

Feb. 19, 1936.

Harry Graham Balter, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Howell Purdue, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Appellant was ordered deported by the Immigration authorities. A writ of habeas corpus was issued on her application. After hearing thereon, she was ordered remanded to the custody of the immigration authorities for deportation together with her husband, Sakutaro Ishihama.

The order of deportation was based on the charge that she had been found assisting a prostitute and that she had been found receiving, sharing in, and deriving benefits from the earnings of a prostitute, for which, under the terms of section 19 of the Immigration Act of February 5, 1917 (8 U.S.C.A. § 155), she was subject to deportation.

The evidence submitted to the immigration authorities tended to show that the appellant and her husband were operating a hotel at El Centro, Cal. That she invited two young girls who were practicing prostitution in the neighborhood to come to the hotel for that purpose, upon an agreement they would divide their earnings with the appellant. This they did. The credibility of this testimony was for the consideration of the immigration authorities and their decision thereon is binding upon the courts.

The appellant also claims that any acts done by her in the matter were not her voluntary acts, but were done at the direction and command of her husband and therefore that she was not legally responsible therefor. This rule is applicable in criminal cases in certain instances. Bishop on Criminal

Law (9th Ed.) vol. 1, p. 251. California Penal Code, § 26. This is a civil proceeding. Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218; Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221. Even if this rule were applicable in a deportation proceeding, there was no evidence before the immigration authorities that the appellant acted under the threats, command, or coercion of her husband.

The appellant relies upon the decisions of Katz v. Commissioner, 245 F. 316, and Backus v. Katz, 245 F. 320, by this court. These decisions are not applicable, for, in those cases there is no evidence that the alien received money derived from the earnings of a prostitute. Here there is direct evidence to that effect.

Order affirmed.