## GRAHAM v. UNITED STATES.
### No. 8751.

Circuit Court of Appeals, Ninth Circuit.
Oct. 28, 1938.

A. L. Wirin and Lee Baylor Stanton, both of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Francis C. Whelan, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and DENMAN, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a judgment arising out of proceedings criminal in their nature holding appellant guilty of contempt of court and sentencing him to six months imprisonment therefor. The proceedings were initiated by the United States attorney who, on December 11, 1937, filed an information for criminal contempt alleging therein that appellant was ordered by the District Court to appear before an inspector of the United States Immigration and Naturalization Service and to "produce his birth certificate and his passports for entry into the United States and any other papers and documents he might have touching his citizenship and his birthplace and his emigration to and immigration into the

United States of America," and "then and there to testify before said immigrant inspector and answer such questions as might be submitted to him touching his birthplace, his entry into the United States, his citizenship and his right to be and remain in the United States." It is alleged that appellant appeared at the time and place designated in the order but "refused to answer any question whatever that was submitted to him by the said immigrant inspector." A copy of the reporter's transcript of proceedings before the immigrant inspector is attached to the information and shows the questions which were asked appellant and his refusal or failure to answer each of them.

The appellant entered a plea of not guilty and filed an answer entitled "a plea in bar" alleging that the deportation proceedings pending before the Department of Labor against appellant are illegal and constitute a denial of due process of law; that the questions asked him by the immigrant inspector would, if answered, "tend to incriminate him under an act of Congress approved May 22, 1918 (40 Stat. 559, and 40 Stat. 1829 [see 22 U.S.C.A. §§ 223, 224]), which makes it a felony for an alien to enter the United States without a permit so to do, in time of war; * * * and under the Criminal Syndicalism Law of the State of California [Stats.1919, p. 281, Deering's General Laws of Cal.1931, Act 8428] and the Sedition Law of the United States [50 U.S.C.A. §§ 33, 34; 18 U.S.C.A. § 6]; * * * under acts of Congress approved March 4, 1929 (40 [45] Stat. 1551), and 8 U.S.C.A. § 180a, which in effect state that one ordered deported who has left the United States shall be considered to have been deported, and that the entry of an alien at an improper time or place eluding examination or inspection shall constitute a misdemeanor"; that the order of the court directing appellant to testify before the immigrant inspector was erroneously secured under the authority of 8 U.S.C.A. § 152, in that such statute applies only to exclusion cases and does not apply to deportation cases.

A general demurrer was filed to the answer or "plea in bar" on January 10, 1938, and on January 13, 1938, the court sustained the demurrer, overruled the plea in bar, evidence was adduced and appellant was found in contempt of court and sentenced to six months in the county jail of Orange County. The sentence authorized appellant's release "upon proof to the court by proper showing by certificate to be filed in court that the defendant has submitted himself to the proper immigration authorities for interrogation regarding the defendant's right to remain in the United States."

The so-called plea in bar was merely an allegation of facts which were placed in issue by the plea of not guilty. However, it was assumed by the parties in the trial court that the general demurrer to the plea in bar sufficiently presented the question as to whether or not the facts therein alleged constituted a defense to the charge of contempt.

■ The first question thus attempted to be presented by the answer is whether or not there was in effect a denial of due process during the progress of the deportation proceeding, by the alleged unfairness thereof. Even if the deportation proceeding was being conducted so that the final order thereunder would have been subject to the objection that it was made without according the appellant such a fair hearing as is necessary to due process of law, that fact would not be a defense to the charge that a witness in such proceeding declined to answer relevant questions concerning the citizenship of the appellant as ordered by the District Court.

■ The third question presented by the plea in bar is the claim that the provisions of 8 U.S.C.A. § 152 do not authorize a District Court to order a witness to testify in investigations being conducted by the immigration authorities in deportation cases, but only apply to exclusion cases. We think these provisions are applicable to both. The statute provides: "Any commissioner of immigration or inspector in charge shall also have power to require by subpoena the attendance and testimony of witnesses before said inspectors and the production of books, papers, and documents touching the right of any alien to enter, reenter, *reside in,* or pass through the United States; * * * and any district court within the jurisdiction of which investigations are being conducted by an immigrant inspector may, in the event of neglect or refusal to respond to a subpoena issued by any commissioner of immigration or inspector in charge or refusal to testify before said immigrant inspector, issue an order requiring such person to appear before said immigrant inspector, produce books, papers, and documents if demanded, and testify; and any failure to

obey such order of the court may be punished by the court as a contempt thereof." (Italics ours.) See Loufakis v. United States, 3 Cir., 81 F.2d 966.

As to the portion of the answer or "plea in bar" dealing with self incrimination, two questions are presented: the first is whether or not the Fifth Amendment to the Constitution, U.S.C.A.Const. Amend. 5, protects a witness testifying in the federal courts or before an administrative body from giving evidence therein which would tend to show his guilt under the criminal law of a state. At one time this question was not free from doubt. Compare Ballman v. Fagin, 200 U.S. 186, 195, 26 S.Ct. 212, 50 L.Ed. 433, with Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L. Ed. 652; U. S. ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560. Now that question is definitely settled by the Supreme Court in United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, where it was held that the danger and claim that the witness might make disclosures tending to show him guilty of a violation of a criminal law of a state is not enough to invoke the immunity from testifying given by the Fifth Amendment to the Federal Constitution. See United States v. Murdock, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381.

The other aspect of the question arises under the contention of the government in the lower court sustained, as its opinion shows, by that court, to the effect that inasmuch as deportation proceedings are civil in nature the immunity from self incrimination granted by the Fifth Amendment to the Federal Constitution against self incrimination did not apply therein. Consequently, it was argued that the provisions of these constitutional amendments have no application to questions asked appellant in regard to his alienage and alleged activities claimed to warrant deportation. Citing, Fong Yue Ting v. U. S., 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905; Iku Kono Ishihama v. Carr, 9 Cir., 81 F.2d 1012; Hays v. Zhariades, 8 Cir., 90 F.2d 3; U. S. ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218; United States v. Lee Hee, 2 Cir., 60 F.2d 924; Loufakis v. U. S., 3 Cir., 81 F.2d 966. These cases do not support the view of the government and the trial court erred in refusing to consider the question of constitutional immunity. Iku Kono Ishihama v. Carr, supra; Fong

Yue v. U. S., supra; Zakonaite v. Wolf, supra; Hays v. Zhariades, supra, merely hold that deportation proceedings are not criminal proceedings and an order for deportation is not a punishment for a crime. U. S. ex rel. Bilokumsky v. Tod, supra, held that as deportation proceedings were civil, the alleged alien, in that case, might have been compelled by legal process to testify whether or not he was an alien. This was not a holding that in immigration proceedings an alleged alien can be compelled to incriminate himself. The Supreme Court held that the testimony of the witness in that case, as to whether or not he was an alien, had no tendency to incriminate him for any crime he may have committed. The court said [page 56]: "The ground for deportation involved a charge of acts which might have been made the basis of a serious criminal prosecution. Criminal Code, § 6 (Comp.Stat. § 10170 [18 U.S.C.A. § 6]). * * * Since alienage is not an element of the crime of sedition, testifying concerning his status could not have had a tendency to incriminate him."

United States v. Lee Hee and Loufakis v. United States, supra, held that proceedings for deportation of aliens are civil and the constitutional guaranty against self-incrimination has no application in such proceedings. There was no question raised in those cases as to whether or not the alien under some criminal statute might incriminate himself by his testimony.

The fact that deportation proceedings are civil in their nature does not prevent the privilege against self incrimination from being raised by a witness called upon to testify therein. Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110; McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158; Perkins Oil Well Cementing Co. v. Owen, D. C., 293 F. 759; 70 C.J. 721, § 874. See, United States v. Brooks, D.C., 284 F. 908, 909; Colyer v. Skeffington, D.C., 265 F. 17, 24.

It appears that the trial court did not determine during the contempt proceeding, nor in its judgment, what questions should have been answered by the witness over his objection of self incrimination raised by his answer. Where the judgment of conviction and sentence require the defendant to answer questions the court should pass upon the question of constitutional immunity raised by the witness.

750

■■ There is an inherent difficulty in protecting a witness against self incrimination. His mere assertion, however advanced, that in his opinion the answer to a given question would tend to incriminate him is not sufficient to justify the witness in refusal to answer unless and until a sufficient showing is made to the court that the claim of the witness is a substantial one. That is, the court must be convinced that the answer of the witness would be calculated to incriminate him if he was guilty of an offense foreshadowed by the question. When a witness is examined in open court his objection to answering a specific question is passed upon immediately by the court before the witness is compelled to answer. Where the examination is before an administrative officer as in the case at bar, the witness is entitled to have his claim of privilege ruled upon by the court, either at the time he is directed to give his testimony, if the witness is a party to the proceeding and raises the question, or upon that issue tendered later in a contempt proceeding for his failure to testify. It is clear that the refusal of the witness to answer some of the questions in the case at bar was wholly unjustified and therefore that the witness was in contempt. As to others, the answers would have been self incriminating.

■ The sentence has a dual aspect, and in so far as its effect is to require the witness to make answers to questions where the answer would tend to incriminate him under a federal statute, the order denies a constitutional right and is erroneous.

■ It is the duty of the judge in the proceedings for criminal contempt when deciding whether or not to order the witness to answer questions over his claim of immunity, to consider first the character of the questions and all the circumstances of the case. Vajtauer v. Comm'r, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; Mason v. U. S., 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198; Corretjer v. Draughon, 1 Cir., 88 F.2d 116; Foot v. Buchanan, C. C., 113 F. 156, 160; Miller v. U. S., 9 Cir., 95 F.2d 492. This the lower court did not do in the case at bar. As we have stated, it placed its decision on the ground that appellant could not raise the question of self incrimination in immigration proceedings.

The order of the lower court is reversed and the court is directed to determine upon further proceedings herein which questions, if any, put to appellant before the immigrant inspector and shown in the information and transcript thereto attached, would tend to incriminate him under a possible prosecution for violation of the federal criminal statutes cited by appellant in his answer herein and to allow the witness to purge himself of contempt with reference thereto by answering all the questions put to him in such proceedings as shown in the transcript as are held by the court not to be self incriminating. Thereafter the court will impose such sentence for contempt, if the court adjudges the defendant guilty thereof, as the court may determine to be just and proper.