## In re ESTES.
### No. 1949.

United States District Court
N. D. Texas, Dallas Division.
Nov. 9, 1949.

Frank B. Potter, U. S. Attorney, Fort Worth, Texas, William Cantrell, Jr., Assistant U. S. Attorney, Dallas, Texas, for plaintiff.

S. S. Barbaria, Dallas, Texas, for defendant.

ATWELL, Chief Judge.

On November 3rd, 1949, this application was filed by the United States Attorney for an order requiring Fred Estes, residing within the Dallas Division of this district, to appear before W. C. Young, Officer in charge of the Immigration and Naturalization Service, Department of Justice, to testify and to produce certain books, papers and documents, touching the right of certain aliens, to-wit: Hymie Adams, Jose Cabello-Fresnillo, Becky Levine, Jose Estrada-Castillo, Daniel Ortega-Ramirez, Uvaldina de la Rosa Manriquez, and Francisco de la Rosa-Manriquez, to reside in the United States of America.

Upon that application the court issued an order requiring said named person to appear and testify and to bring the mentioned records with him, concerning the said aliens, before the said Immigration agent at a given place, date, and, hour, in Dallas. Such inquiry relating to the membership in the Communist Party of said aliens.

The application for such order alleged that a subpoena had first issued to said Fred Estes by the said Immigration authority, and was served upon him on October 13th, 1949, requiring the appearance of said Estes at 8:00 o'clock in the morning of October 24th. That the said Estes appeared on that date with his attorney, Sam Barbaria, and advised the Inspector that he refused to testify, or, produce any papers, or, documents, "unless required by a court of competent jurisdiction."

Thereupon, an application was made for the above-mentioned order to the court, and granted, as heretofore indicated. That order required the respondent Estes to appear on November 9th, at 8:00 o'clock in the morning. At 12:00 o'clock, November 8th, the above-mentioned attorney filed a motion for a re-hearing and a motion, which he styled, "To vacate, dismiss and quash."

The court advised the United States Attorney and the Immigration and Naturalization Agent, of such applications, and the court set the matter down for hearing at 11:00 o'clock today, November 9th.

There are sixteen grounds in the motions filed by the respondent. They cover, using their verbiage, without laboring them, lack of jurisdiction, invalidity and unconstitutionality, violative of Amendment IV of the Constitution, and, of Amendment V

of the Constitution, and because. oppressive and unreasonable, and the duces tecum provision, because too broad and indefinite, and because oppressive and unreasonable, because the witness is a natural-born citizen, over whom the Inspector has no jurisdiction, that the aliens have had no complaints filed against them, because they do not con-. form to the Federal Administrative Procedural Act, 5 U.S.C.A. § 1001 et seq., nor to "Rule 45 of the Federal Rules [28 U.S. C.A.], or, any Federal statute," because the application is not supported by an affidavit, because no substantial grounds for said order are alleged, because the motion for the order is insufficient, since the respondent was not served with notice, or, a copy thereof, and, finally, because the order is, in effect, a summons.

This detailed statement of the grounds, showing their crudeness, tiresome though it may be to the reader, is a sufficient exhibition to show the utter futility of the motions.

■ The Constitution of the. United States vests in the Congress the right to pass naturalization laws, and out of that stems the authority of such naturalization, and the preservation of the purity of the stream of aliens who seek to become citizens of the United States, or, to reside in the United States.

Such statutes and legislation vest jurisdiction in the United States District Court for the issuance of such an order and makes it the duty of the United States District Attorney to request such an order, when the desired witness has refused to obey a subpoena issued by the Immigration authorities, to testify with respect to the right of an alien to remain in the United States, and, to produce documents, papers etc. as therein set out.

There is no illegal search nor seizure, nor is there present any other constitution, or, statutory defect in this proceeding.

The aliens about whom the testimony was sought, are not deprived of any right, whatever. If and when the Immigration authorities, acting under the orders of the Attorney General of the United States, within the statutory authority given to those officials by the Congress, see fit to order the deportation of an alien thus inquired about, that alien then has his right in court, either by an habeas corpus route, or, some other appropriate procedure.

Most of the features of this legislation were before the Supreme Court when such legislation was first passed by the Congress with reference to the Chinese, and it was held to be constitutional. Various amendments have followed since then, and many adjudications have sustained the right to proceed in the manner as herein sought and ordered.

■ No citizen of the United States may refuse, safely, to disobey an order to testify with reference to another person. He has the right to refuse to testify if he claims immunity because of self incrimination.

The motions made by the respondent are denied, and the respondent is ordered to comply with the order heretofore entered at 2:00 o'clock on the instant date at the named place, and before the named officer.

Various and sundry authorities may be found in 8 U.S.C.A., Aliens and Nationality.