

## In re ODDO.

United States District Court,
S. D. New York.
Dec. 30, 1953.

Kaufman & Edelbaum, New York City, for respondent, Maurice Edelbaum and Stanley L. Gluck, New York City, of counsel.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City, for the United States, Harold J. Raby, Asst. U. S. Atty., Lester Friedman, Atty., Immigration and Naturalization Service, New York City, of counsel.

WEINFELD, District Judge.

Respondent, a naturalized citizen, moves to vacate an ex parte order issued by the United States District Court pursuant to § 235(a) of the Immigration and Naturalization Act, 8 U.S.C.A. § 1225(a), directing him to appear and give testimony with respect to the legality of his naturalization "and other pertinent matters." The order was obtained on the basis of an affidavit of an attorney in the office of the District Counsel, Immigration and Naturalization Service, Department of Justice, who alleged that the respondent was the subject of an investigation concerning the legality of his naturalization.

The respondent's contention is that the subpoena power granted to the Attorney General and the immigration officers under § 235(a) of the Act is limited to cases involving the entry, exclusion and deportation of aliens,[1] and does not include the right to subpoena a naturalized citizen where the ultimate objective is revocation of his citizenship.

Two recent District Court decisions dealing with the precise issue here presented have reached contrary results. Application of Barnes (In the Matter of Falcone), D.C.N.D.N.Y. 116 F.Supp. 464; In the Matter of Minker, D.C.E.D.Pa., 118 F.Supp. 264. The question is close; but independently I arrived at the conclusion—the one reached by Judge Foley in the Falcone case—that under § 235(a) of the Act the Immigration Service officials have no power to issue a subpoena against a citizen preliminarily to the commencement of the denaturalization proceedings. In so holding, I fully agree with the reasoning of Judge Foley.

I add but two points. While § 235(a) in broad terms states that the Attorney General and "any immigration officer" have power to subpoena witnesses "concerning any matter which is material and relevant to the enforcement of this Act  *  *  * ," the section appears in Chapter 4 of Title II of the Act, entitled "Provisions Relating to Entry and Exclusion". On the other hand, § 340,[2] which governs revocation of naturalization procedure, is contained in Title III of the Act. This title is headed "Nationality and Naturalization". Section 335(b) of Title III, 8 U.S.C.A. § 1446(b), grants "employees

of the [Immigration and Naturalization] Service" who are designated by the Attorney General the power to subpoena witnesses in pre-naturalization procedures. By definition "immigration officer" means any "employee or class of employees of the Service".[3] Thus, if the subpoena power in Title II, § 235(a), were intended to extend to and to apply to all sections of the Act, as the government contends, then § 335(b) of Title III is duplicitous and serves no function. The Act is not to be construed so as to make a provision meaningless.[4]

One further point. Suits to revoke citizenship are to be instituted, according to the express mandate of § 340 of the Act, by the United States Attorney for the district wherein the naturalized citizen resides. Revocation suits are actions in equity.[5] As a litigant in such suits, the government is bound by the same rules which apply to all other litigants, except as the law may otherwise expressly provide. If Congress had intended to grant the government as an adversary greater rights than those extended to other civil litigants, such purpose would have been clearly indicated in the section dealing with denaturalization proceedings, particularly so, since invariably it is preliminary to a deportation proceeding.

Nowhere in the statute, at least my attention has not been called to any such provision, is power granted to the Immigration and Naturalization Service to participate in the function imposed upon the United States Attorney to prosecute revocation suits. It is true that a regulation[6] has been promulgated

1. Cf. Loufakis v. United States, 3 Cir., 81 F.2d 966; In re Yaris, D.C.S.D.N.Y., 109 F.Supp. 921.

2. 8 U.S.C.A. § 1451.

3. § 101(a) (18), 8 U.S.C.A. § 1101(a) (18).

4. Platt v. Union Pacific R. Co., 99 U.S. 48, 49, 25 L.Ed. 424; Hurley v. United States, 4 Cir., 192 F.2d 297, 300; Lawrence Warehouse Co. v. Defense Supplies Corp., 9 Cir., 168 F.2d 199, 202, vacated on other grounds, 336 U.S. 631, 69 S.Ct. 762, 93 L.Ed. 931; United

States ex rel. Lee Ah Youw v. Shaughnessy, D.C.S.D.N.Y., 102 F.Supp. 799; Parcell v. United States, D.C.D.W.Va., 104 F.Supp. 110, 116.

5. Luria v. United States, 231 U.S. 9, 27–28, 34 S.Ct. 10, 58 L.Ed. 101; United States v. Kusche, D.C.S.D.Cal., 56 F. Supp. 201, 225; cf. Schneiderman v. United States, 320 U.S. 118, 160, 63 S.Ct. 1333, 87 L.Ed. 1796; Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L.Ed. 1525.

6. 8 CFR § 340.11.

by the Attorney General authorizing the Immigration and Naturalization Service to conduct investigations on behalf of the United States Attorney, but this regulation may not be used to extend a subpoena power to the Service which the statute itself does not grant to the United States Attorney.

Consequently, for these and the persuasive reasons adverted to by Judge Foley, I think that the scope of § 235(a) is to be confined to the title of the Act in which it appears. Since no subpoena power is granted to the Attorney General or Immigration Service officials in connection with revocation of naturalization proceedings in Title III, respondent's motion to vacate the ex parte order is granted.

This disposition makes it unnecessary to consider the other objections urged by the respondent.

Settle order on notice.