James A. **HAMILTON, Jr.,** District Director, Immigration and Naturalization Service, Petitioner,

v.

Joseph **SHERMAN,** Respondent.

**E.B.D. No. 61–31.**

United States District Court
D. Massachusetts.

May 12, 1961.

W. Arthur Garrity, Jr., U. S. Atty., James Heigham, Asst. U. S. Atty., Boston, Mass., for plaintiff.

---

Allan R. Rosenberg, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an application to enforce an administrative subpoena. The petitioner is the District Director of the Immigration and Naturalization Service, Boston, Massachusetts. The respondent, Joseph Sherman, resides in Newton, Massachusetts. The petition is supported by affidavit of Investigator John W. Kinnevan and a certified copy of the transcript of a hearing held on April 18, 1961 at the Immigration and Naturalization Service.

On April 11, 1961, petitioner caused a subpoena to be served in hand upon respondent, commanding respondent to appear before Investigator John W. Kinnevan at 9:30 A.M., April 18, 1961, "to give testimony in connection with deportation proceeding being conducted under authority of the Immigration and Nationality Act relating to Joseph Sherman concerning his privilege of entering, re-entering, residing in or passing through the United States." On April 18, 1961, respondent appeared pursuant to the subpoena, accompanied by counsel, and was sworn as a witness. In answer to questions of Investigator Kinnevan, he stated his name, address, and that he was born in Poland on January 1, 1906. He further stated that he did not ever become a citizen of the United States or any country other than Poland; he stated that both his parents were born in Poland and that neither of them ever became a citizen of the United States; and that he was fingerprinted and registered as an alien as required by the Alien Registration Act (8 U.S.C.A. § 1201). At the hearing he presented for examination by the Investigator, Alien Registration Receipt Card No. 2 478 171 issued to Joseph Sherman, 3029 Brighton 4th Street, Brooklyn, New York (the card was returned to the respondent). Respondent testified that he first entered the United States in August 1920 in the company of his mother, one brother, and three sisters. Thereafter, respondent refused to answer substantially all of the remaining questions asked of him by Investigator Kinnevan, including questions relating to whether or not he had made any trips outside the United States since 1920, whether he had left the United States temporarily at any time since 1920, whether or not he had ever been issued a re-entry permit to travel outside the United States and re-enter the United States, whether or not since 1920 he had ever applied at any American Consulate abroad for an immigration visa to enter the United States, whether or not his picture appeared on a passport application exhibited to him which application was executed under the name of Samuel Levine and bore a photograph, and whether or not respondent was the person who entered the United States at New York, New York, using the Levine passport, on the S.S. Ausonia on December 20, 1938.

A certified transcript of the hearing conducted by Investigator Kinnevan indicates that respondent's refusal to answer these questions was enunciated as follows: "I decline to answer on advice of counsel," following which he was asked "On what specific grounds do you decline to answer," and he answered "On all the grounds that are available to me." Question: "By that do you mean that you decline also on the grounds of the Fifth Amendment?" Answer: "Not necessarily. On all the grounds that are available to me." This position was reiterated as to the bulk of the remaining questions by respondent's use of the phrase "Same answer."

Petitioner seeks an order directing respondent to appear and give testimony on May 16, 1961 and on any subsequent date on which his testimony may be required, and petitioner prays that service of a certified copy of such order upon respondent be directed by this Court.

Respondent resists the allowance of petitioner's application to the Court on the claim that Section 235(a) of the Immigration and Nationality Act (8 U.S.C.A. § 1225(a) does not afford a foundation for the issuance of a court order of the type sought herein by petitioner. Re-

spondent's reliance rests chiefly on the opinion of the Supreme Court in United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185, which involved an interpretation of Section 235(a) in a hearing concerning possible denaturalization of a naturalized citizen. The issue before the Supreme Court in that case did not involve an alien and the attention of the Court was focused on the rights of naturalized citizens, as is made clear in the opinion of the Court as announced by Mr. Justice Frankfurter (350 U.S. at page 181, 76 S.Ct. at page 283):

"* * * The controlling issue presented by these cases is whether this section (8 U.S.C. § 1225(a), 8 U.S.C.A. § 1225(a) empowers an immigration officer to subpoena a *naturalized citizen* who is the subject of an investigation by the Service, where the purpose of the investigation is to determine if good cause exists for the institution of *denaturalization* proceedings under § 340 (a) of the Act." (Emphasis supplied.)

Throughout the opinion of the Court stress is put upon the rights of citizens. I do not read the Minker case as in any way restricting the powers of a District Director in a deportation or exclusion proceeding as contrasted with a naturalization or denaturalization hearing. Indeed, in footnote 9, the Supreme Court took notice of the fact that in Section 236(a) of the Act (8 U.S.C.A. § 1226) and section 242(b) of the Act (8 U.S.C.A. § 1252), Congress has authorized the interrogation, examination and cross-examination of the alien. It would be an extremely futile thing for Congress to authorize the Service to "interrogate, examine and cross-examine" an alien, and simultaneously withhold the power of subpoenaing the alien. That in the case of deportation hearings Congress did authorize subpoenaing of the alien under Section 235(a) finds additional support in the fact that 235(a) is a substantial restatement of its predecessor 8 U.S.C.A. § 152, which predecessor section has twice been interpreted as authorizing

subpoenas upon an alien whose possible deportation was the subject matter of the hearing in connection with which the subpoena was issued. See Loufakis v. United States, 3 Cir., 1936, 81 F.2d 966; Graham v. United States, 9 Cir., 1938, 99 F.2d 746, 748, 749.

At the oral argument of this petition, counsel for respondent expressed some apprehension that an order of this Court might foreclose claimed constitutional rights of respondent. An examination of the transcript of the hearing held on April 18, 1961 indicates that respondent made no intelligent, intelligible, or otherwise identifiable claim of any particular constitutional right. Hence the fears expressed by counsel at the oral argument are premature on the record as it now stands.

An order will be entered directing respondent to appear and testify and answer the questions which he has thus far refused to answer.