### Ex parte YOSHIMASA NOMURA.

### YOSHIMASA NOMURA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 24, 1924. Rehearing Denied May 5, 1924.)

No. 4162.

1. Habeas corpus ☞113(5½)—Claim of unfair hearing in excluding alien, made for first time in Circuit Court of Appeals, not considered.

Where the claim of an excluded alien that the hearing was unfair in that he did not have the aid of an attorney and was not informed of his right to counsel, was raised for the first time in the Circuit Court of Appeals, and was not alleged in the petition for writ of habeas corpus, and the record did not show whether the claim was true, held, that the court had no ground for assuming that the rule of the department was not obeyed.

---

**2. Aliens ⊜⟶54—False statements in affidavit and on hearing held to justify exclusion of alien.**

That an excluded alien made false statements under oath in an affidavit and on the hearing, and his testimony and that of his witnesses showed discrepancies, was sufficient to cast doubt on his claim of citizenship, where the court could not say that such false statements were not made knowingly and willfully or that they did not consti'ute perjury, and a crime involving moral turpitude, justifying his exclusion under Act Feb. 5, 1917, § 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i).

**3. Evidence ⊜⟶588—Witness for party, who has committed perjury, need not necessarily be believed.**

A witness, who is put forward by one who has himself committed perjury, need not necessarily be believed.

**4. Aliens ⊜⟶54—Person desiring to enter United States not entitled to judicial hearing on claim of citizenship.**

That a person seeking entry into the United States claimed that he was a citizen did not entitle him to a judicial hearing as to his right to enter.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Application for habeas corpus by Yoshimasa Nomura against the United States. From a judgment dismissing the writ, and remanding relator for deportation, relator appeals. Affirmed.

Marchetti & Marchetti, of Los Angeles, Cal. (P. V. Davis, of Los Angeles, Cal., of counsel), for appellant.

Joseph C. Burke, U. S. Atty., of Los Angeles, Cal., and J. E. Simpson, Asst. U. S. Atty., of El Centro, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT. Circuit Judge. The appellant, claiming to have been born in Hawaii on September 6, 1904, made application to enter the United States as a citizen thereof. On the hearing before the board of special inquiry he produced evidence of his birth in Hawaii on the date above mentioned, and of his removal from Hawaii to California, and his residence there until December, 1912, when he went to Japan, and evidence that thereafter he left Japan for Mexico, where he arrived August 18, 1922, and where he resided five months before applying for admission into the United States. The board of special inquiry reached the conclusion that the appellant was an alien, and that he should be excluded from the United States as a person likely to become a public charge; he having admitted on his examination the commission of a crime involving moral turpitude, namely, perjury. On appeal to the Secretary of Labor the decision was affirmed. The appellant filed in the court below a petition for a writ of habeas corpus, alleging that the evidence before the board of special inquiry showed without contradiction or conflict that he was a citizen of the United States, and that the findings were unfair, in that "the order made pursuant thereto is contrary to the evidence on which the order was based." The writ was issued, and on the hearing upon the return thereto the writ was dismissed, and the appellant was remanded for deportation.

[1] On the appeal to this court it is argued that the hearing was unfair, in that the appellant was without the aid of an attorney to pro‧ tect his rights until after the conclusion of the hearing, and in that it does not affirmatively appear that he was informed of his right to counsel. This contention is made for the first time in this court, and is without the support of any allegation in the petition. The appellee had no opportunity to respond to it in the court below. There is nothing in the record to show whether or not the appellant was aided by an attorney, or was informed of his right to have counsel. We have no ground for assuming that the rule of the department was not observed in his case by informing him of his right to counsel.

[2, 3] The evidence before the board was not of that conclusive character which would justify us in holding that the decision was made regardless of the proof. The appellant admitted that he had made a false oath in Mexico in his affidavit before the American consul, wherein he deposed that he had resided in Mexico two years; whereas, in fact, he had resided there but five months, and he admitted on the hearing that he had falsely stated, under oath, before the board of special inquiry that he arrived in Mexico in September, 1920, on the steamship Rakuyo Maru. We are not convinced that said false statement was not made knowingly and willfully, or that under the provisions of section 16 of the Act of February 5, 1917 (39 Stat. 874, Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i), such false testimony did not constitute perjury, and a crime involving moral turpitude, which justified exclusion under section 3 of the act (section 4289¼b). Kaneda v. United States (C. C. A.) 278 Fed. 694. There were discrepancies and contradictions in the appellant's testimony, and in the testimony of the witnesses called in his behalf, sufficient to cast a doubt upon his claim to citizenship. The court below was clearly right in observing that "a witness who is put forward by one who has himself committed perjury need not necessarily be believed." Soo Hoo Doo Hon v. Johnson (D. C.) 281 Fed. 870.

[4] The appellant makes the point that he was entitled to a judicial hearing on the question of his citizenship. But the appellant is in the position of one who is stopped at the border seeking to enter the country, and his right is determinable without a judicial hearing, or a hearing other than that which was had. United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Tang Tun v. Edsell, 223 U. S. 673, 32 Sup. Ct. 359, 56 L. Ed. 606; Ng Fung Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938; United States ex rel. Bilokumsky v. Tod, 44 Sup. Ct. 54, 68 L. Ed. ——.

The judgment is affirmed.