### UNITED STATES ex rel. BOROWIEC v. FLYNN, District Director of Immigration.

District Court, W. D. New York. October 25, 1927.

Aliens ⊚�longdash⟶54(12)—Whether Polish alien, unlawfully entering from Canada, should be deported to Canada or Poland, depends on intent with which he became domiciled in Canada.

Whether an alien who emigrated from Poland to Canada, where he remained four months, and then unlawfully entered the United States, should be deported to Canada or Poland, depends on whether he was domiciled in Canada with intention of becoming a bona fide resident.

Habeas Corpus. Petition on relation of Tiofel Borowiec against William Flynn, District Director of Immigration, in charge at Buffalo, N. Y., for writ of habeas corpus. Decision deferred.

Parker & Parker, of Niagara Falls, N. Y. (Alan V. Parker, of Niagara Falls, N. Y., of counsel), for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

ADLER, District Judge. The relator, a native of Poland, sailed from Danzig to Liverpool, England, in August, 1926, and from there sailed to Canada, after having obtained a passport to Canada, where he arrived on September 10, 1926. He remained in Canada for a period of four months, during which time he was engaged as a farm hand in Yorkton, Saskatchewan. From there he went to Hamilton, Ontario, in search of work, and was apprehended in the act of being smuggled into the United States on January 20, 1927.

Upon the hearing granted the relator on January 22, 1927, the above facts appeared, and the relator testified that he knew when he left Poland it would be impossible for him to obtain a passport for the United States, and that his destination was therefore Canada. The inspector who conducted the hearing recommended "that he be deported to the country from whence he came."

The order of deportation issued by the Secretary of Labor ordered the return of the alien to Poland as the country from which he came. The sole question involved is whether the alien should be deported to Canada or to Poland.

The phrase "the country whence they came," as used in the Immigration Act (8 USCA § 156), has been fairly construed by the authorities to mean the country in which the alien last had domicile prior to his unlawful entry into the United States. Ex parte Gytl (D. C.) 210 F. 918, and cases cited.

If the relator used Canada only as the front porch or doorstep by which he entered the United States, using the language of Judge Hough in the case of United States v. Curran (C. C. A.) 16 F.(2d) 958, then there is no question but that he should be returned to Poland, the land of his nativity. If, however, he had emigrated to Canada with the intention of becoming a bona fide resident of Canada, the question is whether Canada had accepted him as a resident, and whether he had become domiciled there.

This may be determined in this case if the relator be tendered to the authorities at the nearest port of entry from Canada, the country from which he entered the United States, and, if he is not accepted by them, the order for deportation to Poland will stand, and it is so ordered.