**Ex parte CHIN CHAN ON et al.**

District Court, W. D. Washington, N. D. May 15, 1929.

**No. 20068.**

Hugh C. Todd, of Seattle, Wash., for applicants.

Anthony Savage, U. S. Atty., and Tom DeWolfe, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge (after stating the facts as above). ■ The contention on behalf of the petitioner that he did not sustain a polygamous status is not sustained, and that he believed in polygamy in China but not in the United States is not well taken; but aside from this question, perjury is established beyond any question, and perjury involves moral turpitude, and the general provision of the Immigration Act has application to the petitioner's qualification (section 16, Act February 5, 1917; Title 8, § 152, USCA), and this has application on the right to re-enter. See, also, section 3, Act Feb. 5, 1917 (Title 8, § 136, USCA; section 4289¼b, C. S.).

■■ The contention in argument on behalf of Chin Chan On that, having falsely testified, the correction of the testimony before the conclusion of the hearing purges the status, is not well taken, where the statement was made with the deliberate intention of misleading the immigration officers. The false testimony was not a statement made under misapprehension of fact and voluntarily corrected, but was a deliberate and preconceived plan for the purpose of testifying fraudulently and misleading the Board of Special Inquiry in determining the right of Lee Shee to enter. Kaneda v. United States (C. C. A.) 278 F. 694; In re Keizo Shibata (D. C.) 30 F.(2d) 942. See, also, In re Spenser, 22 Fed. Cas. 921, No. 13,234. He testified that this was agreed to by him and Lee Shee as strengthening her position on entry. The statement was willfully and designedly made. A willful assertion as to a material matter of fact by petitioner in the proceeding and being intended by him to mislead the Board of Special Inquiry is perjury. 2 Whart. C. L. § 1244; 2 Bish. N. Cr. Law, § 1013; State v. Smith, 63 Vt. 201, 22 A. 604; United States v. Conner, 25 Fed. Cas. 595, No. 14,847. Perjury is malum in se and malum prohibitum, and at civil and common law is classed as crimen falsi.

The act was willful, the oath was false and material to the inquiry, the proceeding semi-judicial, and there can be no doubt from this record that the motive, purpose, and intent were corrupt.

Writ is denied.