MASAICHI ONO v. CARR, District Director.*
No. 6630.

Circuit Court of Appeals, Ninth Circuit.
March 7, 1932.

*Rehearing denied April 28, 1932

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Milo E. Rowell, Asst. U. S. Atty., both of Los Angeles, Cal. (Harry B. Blee, U. S. Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding petitioner to the custody of the United States Immigration Service for return to Japan. Petitioner and his wife had applied to the immigration authorities for admission to the United States upon the ground that he was a treaty merchant and for that reason entitled to enter the United States. Upon the hearing, the petitioner testified that he had purchased for the sum of $30,000 a partnership interest in the Kameya Company doing business at Gardena, Cal. The alleged partner also testified that petitioner had purchased an interest in a copartnership engaged in conducting a grocery business in Gardena by the payment of $30,000.

The hearing was adjourned from day to day and finally, upon cross-examination by the immigration authorities, petitioner admitted that his testimony to the effect that he had paid $30,000 for an interest in the copartnership was false. The first hearing was had on November 12, 1930, at which time the petitioner testified falsely, and another hearing was had on November 18, 1930, another on November 19, 1930, and it was not until the fourth appearance before the immigration authorities on November 21, 1930, that the applicant admitted that his testimony was false. He had also testified in connection with his hearing that he had no re-entry permit, basing his application entirely upon the theory that he was a treaty merchant and therefore entitled to bring his wife with him. Upon rejection of his application for admission, petitioner at once applied for admission upon a re-entry permit No. 615437, issued to him on June 2, 1930. This permit showed the appellant to be a resident of the United States about to depart for Japan for a temporary period and he would be entitled by reason thereof to re-entry into the United States, but this would not entitle him to bring in his wife to whom he was married on his visit to Japan. It was this fact no doubt which inspired the effort to enter as a treaty merchant. The wife returned to Japan and the new application for entry upon the basis of the re-entry permit was made December 30, 1930.

The board denied admission to the applicant upon the ground that he testified falsely under oath before the Board of Special Inquiry, and admitted having done so. The appellant relies strongly upon the decisions of this court in Ex parte Keizo Shibata, 35 F. (2d) 636; Wong Yow v. Weedin, 33 F.(2d) 377, wherein it was held that as a basis for deportation, if the felony was committed in the United States, it is necessary that a conviction thereof be had before a deportation order could be predicated thereon. The appellee points out that these cases have no application to the case at bar for the reason that we are here dealing with a question of entry and not of deportation and that the statutory provisions in regard thereto are entirely different. These two cases most strongly relied upon by appellant were based upon the provisions of the immigration law with reference to deportation (8 USCA § 155, section 19, 39 Stat. 889) providing for deportation of " * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude."

It is held in those cases that an admission of the commission of a felony, in order to constitute a ground of deportation, must be an admission of the commission of a felony "prior to entry"; that if the felony was committed in the United States the deportation must be based upon a conviction of a felony, whereas no such distinction is made in the provision of the immigration laws dealing with the entry of aliens, which reads as follows: " * * * Persons who have been convicted of or who admit having committed a felony or other crime or misdemeanor involving moral turpitude. * * * *" 8 USCA, § 136, subd. e, section 3, 39 Stat. 875.

It is argued that in view of the fact that the applicant changed his testimony before his original application was finally passed upon, he was not guilty of perjury although he concedes that he did swear falsely upon his application. Assuming without deciding that such is the rule where a retraction is seasonably and voluntarily made, it was too late to come under the rule. Ex parte Keizo Shibata (C. C. A.) 35 F.(2d) 636; Johnsen v. U. S. (C. C. A.) 41 F.(2d) 44.

It is not to be doubted that the commission of perjury before the immigration officials is a felony involving moral turpitude. This was expressly held by this court in Kaneda v. U. S., 278 F. 694. See also Ex parte Yoshimasa Nomura (C. C. A.) 297 F. 191. Upon the authority of these cases and under the plain terms of the statute the applicant was properly denied admission.

Order affirmed.