**UNITED STATES ex rel. CARELLA v. KARNUTH, District Director of Immigration, et al.**

District Court, W. D. New York.

March 21, 1933.

Lanza & Montesano, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y.

KNIGHT, District Judge.

A warrant for deportation of the relator has been issued based on the ground that within five years after entry he was convicted of a crime involving moral turpitude, to wit, perjury.

The petitioner admits entry into the United States from Canada on several occasions since his original entry into this country in 1911. It is not denied that he entered the United States at Niagara Falls from Canada on July 15, 1929. The brevity of the stay of petitioner in Canada on these occasions is immaterial. Being an alien, his return on each occasion constitutes a re-entry within the law.

It is admitted that the relator in March, 1932, was convicted of perjury in violation of section 125 of the Act of March 4, 1909, Cr. Code (18 USCA § 231), and that he was sentenced to serve one year in the Erie County Penitentiary, Erie county, N. Y., and pay a fine of $1. The perjury charge originated in giving testimony in proceedings for the deportation of one Antonio D'Angelo.

The commission of the crime in question involves moral turpitude. Weedin v. Tayo-

kichi Yamada (C. C. A.) 4 F.(2d) 455; Ex parte Chin Chan On et al. (D. C.) 32 F.(2d) 828; Wong Yow v. Weedin (C. C. A.) 33 F.(2d) 377; Keizo Shibata v. Carr (C. C. A.) 35 F.(2d) 636; U. S. ex rel. Linklater v. Commissioner (D. C.) 36 F.(2d) 239, and Masaichi Ono v. Carr (C. C. A.) 56 F.(2d) 772.

Act Feb. 5, 1917, c. 29, § 19, 39 Stat. 889 (8 USCA § 155), among other things, provides that "any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

The language of the statute is clear and admits of no misconstruction.

A well-considered brief has been submitted on behalf of the relator, but no case which has been cited is an authority against sustaining deportation charges upon facts such as shown here.

The writ must be dismissed.