## PALMER v. UNITED STATES ex rel. GRIGALIUNAS.

### No. 4771.

Circuit Court of Appeals, Seventh Circuit.

June 16, 1933.

Dwight H. Green, U. S. Atty., of Chicago, Ill., and Robert D. Ross, Asst. U. S. Atty., of Evanston, Ill., for appellant.

Leo Klein, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellee, who is a native of Lithuania, entered the United States from Canada on November 7, 1928, without inspection or paying a head tax or registering, as provided for by the Immigration Act (8 USCA §§ 106, 132, 151 et seq.). He was thereafter seized by the immigration inspector and after a hearing was, on January 22, 1931, ordered returned "to Lithuania, the country whence he came." Appellee thereupon sought and secured a writ of habeas corpus and was discharged from the custody of the officer. The Government moved for leave to amend the order of discharge to read: "That the alien be deported to Canada and if Canada refuse him then to a foreign non-contiguous territory," which motion was by the court overruled.

No reason was given for discharging appellee from the custody of the officer. From appellee's brief we assume that the attack on the order of deportation was on that part which directed appellee's deportation to Lithuania.

There is no question about the facts. Appellee's own petition for a writ of habeas corpus shows an illegal entry into the United States. He said he was born February 12, 1904, in the village of Butkunn, Velzis, province of Panevezys, in Lithuania, and, at the time of the hearing on his application for a writ of habeas corpus, he was a citizen of Lithuania. He left that country in March, 1927, and landed in Canada in April of the same year. He worked on a farm in Alberta and in Saskatchewan. About November 7, 1928, he was smuggled into the United States near Detroit, Michigan.

Upon this evidence the Secretary of Labor was required to enter the order of deportation. The only question presented is the place to which he should be deported. The statute governing the matter is 8 U. S. C. § 156 (8 USCA § 156), which reads:

"The deportation of aliens provided for in this subchapter shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory; or, if such aliens entered foreign contiguous territory from the United States and later entered the United States, or if such aliens are held by the country from which they entered the United States not to be subjects or citizens of such country, and such country refuses to permit their reentry, or imposes any condition upon permitting reentry, then to the country of which such aliens are subjects or citizens, or to the country in which they resided prior to entering the country from which they entered the United States."

Appellee acquired no citizenship status in Canada during his temporary stay there. He so admitted when he stated that he was a subject of Lithuania. He worked for nineteen months as a farm hand in two provinces in Canada, but offered no other testimony to establish an acquired citizenship in Canada.

In view of section 156 and the options given to the Secretary of Labor, the order of deportation to Lithuania was, from the disclosed facts, in compliance with the statute.

The judgment is reversed, with directions to proceed further in accordance with the views here expressed.