**UNITED STATES ex rel. MAJKA v. PALMER, District Director of Immigration.**

No. 4953.

Circuit Court of Appeals, Seventh Circuit.

Oct. 16, 1933.

David Snow, of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Austin Hall, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

█ The statute under which the deportation proceedings herein involved were had provides that, " * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * " 39 Stat. 889 (8 USCA § 155). Appellant contends that there was no authority for the deportation since there was no showing that the act of perjury constituted a crime under the laws of Poland where the act was committed, and that, admitting that perjury is defined as a crime in the United States, such definition has no bearing outside the United States, and is not applicable where the act is committed outside its own territorial boundaries. Appellant, however, loses sight of section 1750 of the Revised Statutes (22 USCA § 131),[1] which gives to every notarial act done before any consular officer within the limits of his consulate, the same force and effect as if done in the United States, and provides that in the case of perjury, the offender may be proceeded against in any district of the United States in the same manner as if the offense had been committed within the United States. Without going into the question raised by appellant as to whether or not the United States could have proceeded against him by means of extradition had he decided not to avail himself of the passport illegally obtained, and remained in Poland instead of coming to the United States, it seems clear to us that when he did enter the United States, thereby making use of the fraudulent passport for the very purpose for which the crime was committed, he placed himself within the control of its laws and subjected himself to whatever proceedings it might see fit to bring as the result of his criminal act. It therefore becomes immaterial to determine whether or not perjury is held to be a crime in Poland, since the crime admitted was committed against the United States. Being a crime involving moral turpitude it may be the basis for deportation proceedings. Kaneda v. United States (C. C. A.) 278 F. 694; Yoshimasa Nomura v. United States (C. C. A.) 297 F. 191.

█ Appellant also contends that even if his acts did constitute a crime against the United States, that crime was not complete until he set foot upon United States territory, and therefore it was not committed prior to entry. With this we do not agree. The crime was completed when he made the false statements concerning a material matter under oath administered by an officer of the United States empowered by it to administer that oath. A crime involving moral turpitude committed within the United States prior to a second entry into this country may be used as the basis for deportation proceedings. United States v. Smith, 289 U. S. 422, 53 S. Ct. 665, 77 L. Ed. 1298. A crime against the United States committed outside its territorial boundaries but within the limits of its consular jurisdiction may also be reason for deporting the alien, particularly where, as in this case, the act made it possible for him to enter and it might otherwise have been impossible for him to do so.

It is true that in the absence of a conviction of the crime, the immigrant inspector would not have been able to deport the alien without his own admission of it. However, the alien did admit both the facts, and that they constituted a crime. The record does not indicate that any unfairness was practiced in securing this admission, and there is no evidence that he was embarrassed or disconcerted during the hearing. He was given the opportunity to secure counsel if he so desired, and he refused to avail himself of that opportunity. We find no reason for reversing the order of the District Court, and it is therefore affirmed.

---

[1] "*Depositions and Notarial Acts; Perjury.* Every secretary of embassy or legation and consular officer is hereby authorized, whenever he is required or deems it necessary or proper so to do, at the post, port, place, or within the limits of his embassy, legation, or consulate, to administer to or take from any person an oath, affirmation, affidavit, or deposition, and to perform any notarial act which any notary public is required or authorized by law to do within the United States. Every such oath ᵛ * * and notarial act administered, sworn, ᵛ * * or done, by or before any such officer, when certified under his hand and seal of office, shall be as valid, and of like force and effect within the United States, to all intents and purposes, as if administered * * * or done, by or before any other person within the United States duly authorized and competent thereto. If any person shall willfully and corruptly commit perjury, * * * in any such oath, * * * within the intent and meaning of any Act of Congress now or hereafter made, such offender may be charged, proceeded against, tried, convicted, and dealt with in any district of the United States, in the same manner, in all respects, as if such offense had been committed in the United States, before any officer duly authorized therein to administer or take such oath, * * * and shall be subject to the same punishment and disability therefor as are or shall be prescribed by any such act for such offense. * * * "