## UNITED STATES ex rel. KARPAY v. UHL.
### No. 469.

Circuit Court of Appeals, Second Circuit.

May 21, 1934.

Pinto & Marcantonio, of New York City, for appellant

Martin Conboy, U. S. Atty., of New York City (Elizabeth S. Rogers, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

After hearings before an immigration inspector, the alien was ordered deported pursuant to section 19 of the Immigration Act of 1917 (8 USCA § 155) providing for deportation, "at any time within five years after entry," of "any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude." He was admitted to this country for permanent residence in 1913. His last entry was at the port of New York in October, 1931, on returning from a visit abroad. Subsequently, he pleaded guilty to an indictment charging perjury committed within the state of Illinois in 1927 and 1928 in violation of section 23 of the Act of June 29, 1906 (8 USCA § 414). His perjury consisted in falsely stating that he was unmarried in a verified petition for naturalization filed on August 29, 1927, and in repeating the same false statement under oath at a hearing on said petition on March 1, 1928. He was convicted in May, 1932, and the conviction was affirmed in Roberto v. United States, 60 F. (2d) 774 (C. C. A. 7). At the hearings before the immigration inspector in 1933, he again admitted the commission of the aforesaid perjury.

It cannot be successfully contended that perjury is not a crime "involving moral turpitude." Masaichi Ono v. Carr, 56 F. (2d) 772, 774 (C. C. A. 9). Nor does the relator deny that the above-quoted portion of section 19 is applicable to his last entry in 1931 and may include a crime committed in this country; this was settled by United States

v. Smith, 289 U. S. 422, 425, 53 S. Ct. 665, 77 L. Ed. 1298. He does argue, however, that the specified conditions of the statute have not been fulfilled because neither his conviction nor his admission of guilt was prior to his last entry. In other words, he contends that the statute requires (1) conviction prior to entry, or (2) admission prior to entry of the commission of a crime. Such a construction seems to us consistent neither with the language nor with the purpose of the statute. It will be noted that conviction is referred to as an event which has already occurred prior to entry, "any alien who was convicted," while admission of guilt is referred to in the present tense, "or who admits the commission, prior to entry, of a felony." 8 USCA § 155. Had it been intended to provide that the alien must admit guilt prior to entry, the natural language to have used would be "or who has admitted, prior to entry, the commission of a felony." As it stands, we read the phrase "prior to entry" as modifying the word "commission." The obvious purpose of the statute supports this construction. Its object is to rid the United States of undesirable aliens, and it puts in that class those who have committed crimes of moral turpitude prior to entry. This is to be proved to the officials administering the statute by conviction (if the alien "was convicted") or by his admission (if he "admits the commission"). The admission is treated as evidence of guilt tantamount to conviction, and no reason is apparent for requiring the admission to be made before entry. See United States v. Williams, 200 F. 538, 541 (C. C. A. 2). It is not the admission but the crime previously committed which makes the alien an undesirable. In several cases the construction we adopt has been assumed without discussion. United States v. Palmer, 67 F.(2d) 146 (C. C. A. 7); United States v. Day, 35 F.(2d) 284, 286 (C. C. A. 3); Howes v. Tozer, 3 F.(2d) 849, 852 (C. C. A. 1); Gomes v. Tillinghast, 37 F.(2d) 935, 936 (D. C. Mass.); United States v. Brooks, 284 F. 908, 910 (D. C. E. D. Mich.).

The appellant further contends that the alien's marital status was not a material issue in the naturalization proceeding and hence his false oath did not amount to perjury. The statute (8 USCA § 414) expressly requires the false testimony to relate to a material fact; section 4 (8 USCA § 379) prescribes the contents of the petition for naturalization, requiring the name of the applicant's wife, if he is married, and section 27 (8 USCA § 409) sets out the form of the petition, such form containing a question as to marriage. That his marital status is a material matter seems beyond question. See United States v. Dupont, 176 F. 823 (D. C. Or.); United States v. Albertini, 206 F. 133 (D. C. Mont.); United States v. Marcus, 1 F. Supp. 29 (D. C. N. J.); Roberto v. United States, 60 F.(2d) 774, 775 (C. C. A. 7), affirming the conviction of this very alien.

The order is affirmed.