**UNITED STATES ex rel. MAZUR v. COMMISSIONER OF IMMIGRATION et al.**

No. 201.

Circuit Court of Appeals, Second Circuit.

Feb. 6, 1939.

708

Abraham I. Horn, of New York City (Frank L. Silverman, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from an order dismissing a writ of habeas corpus. The writ was taken out to test the validity of the detention of the relatrix under a warrant issued by the Secretary of Labor ordering her deportation to Poland. She is of the Ukrainian race, was born in Poland in 1904, and left that country for Havana, Cuba, in 1923. There she resided for eleven years, and there she was married in 1927 to a Pole by whom she has three children. In 1929 her husband deserted her and returned with the children to Poland, where he subsequently deserted the children. His present whereabouts are un-

known to the relatrix. The children are living with her brother in Poland. Her mother and three sisters also live there. In September, 1934, she came from Havana as a stowaway on an unnamed vessel and surreptitiously entered this country at the port of New York. She was taken into custody in 1937 under a departmental warrant of arrest and was given a hearing by an immigrant inspector on charges of entering illegally as a stowaway and without an immigration visa. These charges were proven by her own admissions, and deportation to Poland at government expense was recommended. The inspector's findings and recommendation were approved by the board of review, with the further recommendation that the relatrix be given permission to depart at her own expense to any country of her choice except contiguous territory or adjacent islands. See 8 U.S.C.A. § 180(b). The warrant of deportation so provided. She sought leave to return at her own expense to Cuba for the purpose of sending for her children and reestablishing her home there; but the board of review refused to modify its decision.

■ The appellant admits that she is subject to deportation, but contends that it was an abuse of discretion for the Secretary of Labor to deny her application for voluntary departure to Cuba as the country of her choice. It may well be doubted whether there is ever power in the court to control the exercise of discretion by the Secretary in respect to the country to which a deportable alien may be permitted to depart voluntarily. See United States ex rel. Giletti v. Commissioner, 2 Cir., 35 F. 2d 687, 688; Ex parte Panagopoulos, 3 F.Supp. 222, D.C.,S.D.Calif. But even assuming such power to exist in a proper case, no abuse of discretion is apparent on this record. The possibility that the alien might again attempt an illegal entry would seem enough, in the exercise of a sound discretion, to justify the denial of her request to be allowed to depart voluntarily to a country so near our shores as Cuba.

A more serious attack upon the validity of the warrant is based on the argument that the statute under which the alien's deportation has been ordered does not authorize her deportation to Poland. The statute is section 20 of the Immigration Act of 1917, 8 U.S.C.A. § 156, and the relevant part thereof reads as follows: "The deportation of aliens provided for in this sub-

chapter shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory * * *."

 Although counsel for the appellee suggests that when the alien left Poland in 1923 she may have intended to go to Cuba only temporarily and as a means of reaching the United States, her lengthy residence in Havana refutes any such conjecture. Hence the final statutory clause above quoted (assuming that Cuba might be considered "foreign contiguous territory") is inapplicable; and deportation to Poland must rest upon the phrase "to the country whence they came." These words have been interpreted to mean the country of the alien's nativity if it does not appear that he had acquired a domicile elsewhere. Schenck v. Ward, 1 Cir., 80 F. 2d 422, 426; United States v. Hughes, 3 Cir., 299 F. 99, 102; but compare United States ex rel. Karamian v. Curran, 2 Cir., 16 F.2d 958, 961, where residence was held to be determinative of the country whence the alien came. See, also, United States v. Sisson, 2 Cir., 232 F. 599. If residence is the test, Cuba is certainly the country whence the alien came. But even if it be necessary to show that she was domiciled there, we think her lengthy residence in Havana, marriage and rearing a family and her continuing to reside there after her husband's desertion and return to Poland are enough to refute the presumption that her domicile of origin continued. No facts were brought out upon the hearing before the inspector which tended to contradict the natural inference that during the period of eleven years she regarded Havana as her permanent home. It is true that when asked of what country she was a citizen she replied "Poland", but this is immaterial; countless aliens change their domicile of nativity without becoming naturalized citizens of the country which they have chosen for their permanent home. No case has been cited sustaining deportation to the country of birth, where the alien has been legally admitted to another country and has resided there for any such length of time as eleven years. In fact, much shorter periods of residence have defeated efforts to deport aliens to their domicile of origin. Bukta v. Zur-brick, 6 Cir., 50 F.2d 593; United States ex rel. Karamian v. Curran, 2 Cir., 16 F.2d 958; United States v. Sisson, 2 Cir., 232 F. 599; United States ex rel. Borowiec v. Flynn, D.C., 22 F.2d 302. Our conclusion is that the alien may not lawfully be deported to Poland. But she should not be discharged from custody until the Secretary has had an opportunity to issue an amended warrant directing deportation to Cuba. Gorcevich v. Zurbrick, 6 Cir., 48 F.2d 1054, 1055.

 The relator has also contended that the statute is unconstitutional in so far as it attempts to determine the destination to which a deportable alien must go after leaving the territorial limits of the United States. This contention is without merit. It was rejected in United States ex rel. Hudak v. Uhl, D.C., 20 F.Supp. 928, affirmed without opinion in 2 Cir., 96 F.2d 1023.

The order is reversed and the cause remanded for further proceedings in conformity with this opinion.