MATTER OF WINTER

In Deportation Proceedings

A-7917572

*Decided by Board Novmeber 13, 1967 and February 9, 1968*

Respondent's plea of guilty to charges of larceny in Massachusetts criminal proceedings is not, without more, tantamount to an admission of the commission of such crime for immigration purposes where at the conclusion of the Massachusetts court proceedings in 1964 sentence was not imposed and the case was placed on file. Hence, respondent, who departed and reentered the United States subsequent to such criminal proceedings, is not deportable as one excludable at entry because of admission of the commission of a crime involving moral turpitude.

CHARGES:

Order: Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Failure to furnish notification of change of address.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(9), as one who admits commission of crimes involving moral turpitude, to wit: larceny.

ON BEHALF OF RESPONDENT:
Sam Williamson, Esquire
1320 Americana Building
Houston, Texas 77002
(Brief submitted)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Bernabe Q. Maldonado
Trial Attorney
(Brief submitted)

Solomon Isenstein
Acting General Counsel

The Service appeals from a decision of the special inquiry officer finding respondent not deportable on either of the charges, and terminating proceedings.

Respondent is a 33-year-old married male alien, a native of England and citizen of Great Britain, who was lawfully admitted to the United States for permanent residence on December 14, 1950. His wife was lawfully admitted for permanent residence in 1963, and of their three children, two are native born United States citizens and one is a law-

-ful permanent resident. In 1953, at the age of 19, respondent enlisted in the United States Air Force; he served, pursuant to this and two subsequent enlistments, for a period of ten years, until his discharge under honorable conditions in the spring of 1963.

We concur in the special inquiry officer's finding that respondent is not deportable under section 241(a)(5) as one who failed to give notification of his change of address, and we note that the Service does not appeal from this portion of the decision. We need not rule on the contention that the special inquiry officer erred in holding that the standard of proof set out in *Woodby* and *Sherman v. Immigration and Naturalization Service* (385 U.S. 276) was applicable, because it is not necessary to our decision. The record establishes that there is no real question of deportability on this charge. Respondent's failure to furnish notification of his December 9, 1965 change of address on or before December 19, 1965 is admitted by him. His testimony that he forgot about it in the pressure of external events is completely believable, and sufficient to rule out willfulness and make the omission reasonably excusable, when taken in the context of his lawful admission for permanent residence 15 years earlier, and the fact that within 20 days of the missed deadline he furnished the new address as part of his regular January address report.

The issue here is whether respondent is deportable on the second charge. On July 27, 1964, a two count complaint was filed against him in the District Court of Southern Essex, Essex County, Massachusetts, charging that on March 21 and March 28, 1964, he stole U.S. money of the value of less than $100, from each of two named victims. The record does not state under what statutory section he was charged, showing only "LARCENY two counts". On July 31, 1964 respondent appeared before the court, without counsel, and pleaded guilty to both counts. There was no sentence imposed and the record shows the following disposition:

Therefore, it is considered that the case be placed on file on the payment of $10, costs, on the first count and on the second count the case is placed on file.

On July 21, 1964, the Fourth District Court of Eastern Middlesex, Middlesex County, Massachusetts, a complaint was filed charging respondent with having, on March 14, 1964, drawn and uttered a check against a named bank, knowing he had insufficient funds in the bank, and with intent to defraud, and having thereby received $30 cash which was the property of another. This offense also was not identified by any particular statutory section number, but was shown as "larceny by check". On July 28, 1964 respondent appeared in court, without counsel, and pleaded guilty to the charge. On August 11, 1964, likewise without sentencing, the case was placed on file.

The procedure of placing a case "on file", employed by the courts of the State of Massachusetts, has been considered by the Supreme Court of the United States in *Pino* v. *Landon*, 349 U.S. 901, and has been held not to have sufficient finality as a conviction to support an order of deportation within the contemplation of section 241(a)(4). Therefore, these two charges and their disposition did not make respondent deportable.

Respondent left the United States, without intent to abandon his residence, on February 14, 1965. He was readmitted as a returning resident alien on December 2, 1965. The Government contends that he is now deportable for having been excludable when he reentered, in that at that time, by virtue of his plea of guilty on July 31, 1964 to the two counts of the complaint in the Essex County court, he was an alien who admitted having committed a crime involving moral turpitude.

It should be noted that in these proceedings there is no showing that respondent has ever made an independent admission of the commission of any crime, or conceded that he was guilty of the crimes above referred to. Instead, he is attempting to attack the validity of his plea of guilty upon the ground that it was improperly obtained because he was not advised of his right to counsel. The only statement which can be considered in determining whether a sufficient and valid admission was made, is the plea of guilty to the two count complaint in the Essex County court.

The special inquiry officer's decision that respondent is not deportable on the second charge proceeds from his own determination of the actual character of the offenses with which the respondent was charged, and the finding that they did not involve moral turpitude. Although the court record shows the offenses to be larceny and the special inquiry officer cites authority for the proposition that larceny involves moral turpitude, he goes on to find, from respondent's testimony at the hearing about the circumstances under which the charges arose, and an investigative report by a Service investigator, that the actual offenses were larceny by check, as defined in section 37 of Chapter 266 of the Massachusetts General Laws.

We concur in the Service position that the special inquiry officer erred in so holding. Exhibit 5, according to certification by the Clerk of the District Court of Southern Essex, is a true copy of respondent's record in that court. While no statutory section is mentioned, the record shows the charged offenses to be "LARCENY two counts". The factual recitation in each count, that the defendant "did steal United States money of the value of less than $100, the property of. . .", is entirely consistent with the statutory definition of larceny contained in section 30 of Chapter 266. It is also sufficient under section 41 of

Chapter 277 of the Massachusetts General Laws, which reads as follows:

*Indictment of larceny.* In an indictment for criminal dealing with personal property with intent to steal, an allegation that the defendent stole said property shall be sufficient; and such an indictment may be supported by proof that the defendant committed larceny of the property, or embezzled it, or obtained it by false pretenses.

Had the respondent made an independent admission of commission of a crime, or of the acts constituting the essential elements of a crime, there would be scope for ascertaining what specific acts were admitted and whether they constituted a crime under any section of the laws of . the jurisdiction where they took place. However, where the admission claimed consists entirely of a plea of guilty to the count or counts of a complaint in criminal proceedings; where there is no ambiguity or inconsistency in the description and denomination of the crime charged in the complaint; and where the record shows no evidence of an amendment or correction of the counts in the complaint, then the plea of guilty must be deemed to be to the specific crimes named in the complaint, and there is no justification for going outside of the record to determine whether, based upon information later supplied by him, respondent was or should have been charged with a different crime, under a different section of the laws of the State of Massachusetts.[1] The record herein establishes that respondent pleaded guilty to two counts of larceny, and larceny does involve moral turpitude. However, under the ruling in *Pino* v. *Landon, supra*, the disposition of the case lacks sufficient finality to be deemed a "conviction", and respondent was not thereby rendered excludable under section 212(a) (9) as one convicted of a crime involving moral turpitude.

The Government states:

That a judicial plea of guilty is tantamount to an admission within the immigration laws appears to be settled beyond dispute. *Matter of A—*, 1. I. & N. Dec. 571; *Matter of V—S—*, 2 I. & N. Dec. 703.

A more accurate statement is contained in *Matter of G—*, 1 I. & N., Dec. 96, wherein we held:

---

[1] We do not agree with the special inquiry officer that the crime of larceny by check, as defined in section 37, Chapter 266 of the Massachusetts General Laws, does not involve moral turpitude (see *Matter of Vosganian*, Int. Dec. No. 1676), nor do we consider the cases cited by him to be authority for his conclusion. The Massachusetts statute makes intent to defraud an essential element of the crime, as distinguished from the statutes considered in the cited cases, and the cited decisions specifically state that where intent to defraud is a necessary element, then moral turpitude inheres. Further discussion of this point is not warranted, however, because it is not necessary to the making of our decision herein.

*If the final outcome of a criminal prosecution was a conviction*, we think it well settled that a plea of guilty is evidence of the admission of the commission of the crime. * * * (Emphasis supplied.)

In later decisions, it has been spelled out that such a conviction must be equal in force and finality to a conviction necessary to sustain a finding of deportability or excludability based on conviction of crime. In cases where there has been a plea of guilty in criminal proceedings, followed by a conviction, even followed by an independent admission of commission of the crime during deportation proceedings, it has been found that there was an insufficient admission for excludability purposes where the conviction was followed by a pardon or expungement (*Matter of E—V—*, 5 I. & N. Dec. 194), or by a timely judicial recommendation against deportation (*Rasmussen* v. *Robinson*, 163 F. 2d 732). We are aware of no case in which a plea of guilty made in criminal proceedings, which resulted in something less than a conviction, or in a conviction with a recommendation against deportation or a subsequent pardon or expungement, was found a sufficient admission, without more, to sustain a finding of deportability.

As we pointed out in *Matter of G—*, *supra*, the plea to an indictment or complaint is so much an integral part of the entire criminal proceeding that it cannot be isolated from the final result of that proceeding, and given more force or finality than that result. Under the interpretation urged by the Service, the mechanics of the criminal proceeding would overshadow the outcome; an alien found guilty after trial, whose case is placed on file, is not excludable, whereas the alien found guilty on his plea, whose case is placed on file, would be excludable. We are not persuaded that it was ever intended the "admission" provisions of section 212(a)(9) should have such a result. Where, as here, an alien has been the subject of court proceedings on criminal charges and the ultimate disposition of those charges by the court falls short of a conviction, or nullifies that conviction for deportation or exclusion purposes by a recommendation against deportation (or the same result is reached thereafter by a pardon), the "admission" provisions cannot be called into play to give the intermediate step of pleading a stronger effect than the ultimate disposition could have under the immigration laws. We find, therefore, that on the facts herein respondent is not deportable on the second charge in the order to show cause.

For the reasons set forth herein, the disposition of this case below was the proper one, and the appeal will be dismissed.

ORDER: It is ordered that the appeal herein be and the same is hereby dismissed.

### BEFORE THE BOARD

On April 14, 1967, after several hearings, the special inquiry officer rendered a decision finding respondent not to be deportable on either of the charges in the order to show cause, and terminating proceedings. The Service appealed, requesting oral argument; respondent's counsel being unable to appear, the Government presented its argument unopposed on July 13, 1967. On November 13, 1967, for reasons set forth fully in its opinion, the Board dismissed the appeal and affirmed the finding that respondent was not deportable as charged. The Service now asks that the Board reconsider and reverse its decision, that it find respondent deportable on the second charge, and remand the proceedings for action by the special inquiry officer on applications for discretionary relief heretofore filed by respondent.

The following is a summary of the relevant facts, which have been fully set out in the prior decisions:

On July 31, 1964, in the District Court of Southern Essex, Essex County, Massachusetts, respondent, without counsel, pleaded guilty to both counts of a two-count complaint charging that he had committed larceny on March 21 and March 28, 1964. There was no sentence imposed, and the court disposed of the proceedings thus:

> Therefore, it is considered that the case be placed on file on the payment of $10, costs, on the first count and on the second count the case is placed on file.[1]

Under the holding of the United States Supreme Court, in *Pino* v. *Landon*, 349 U.S. 901, such a disposition has been held not to have sufficient finality as a conviction to support an order of deportation under section 241(a)(4). Respondent therefore was not rendered deportable by the criminal proceedings. He left the United States in 1965, remained away for about ten months, and was admitted as a returning resident alien on December 2, 1965. Inasmuch as the respondent had no "convictions" for crime, he could not be charged with having been deportable as excludable on that entry as one previously convicted of a crime involving moral turpitude. The Government turned to the pleas of guilty in the court proceedings and charged that on the basis thereof, respondent was deportable as one who was excludable under section 212(a)(9), having admitted commission of crimes involving moral turpitude.

---

[1] On July 21, 1964, respondent, also without counsel, pleaded guilty in the Fourth District Court of Eastern Middlesex, Middlesex County, Massachusetts to a charge of larceny by check on March 14, 1964, and that case was also disposed of by being placed on file. It is not considered here since it was not urged as a ground of excludability or deportability in the order to show cause, and further, having had the same disposition as the offenses under consideration, it would be controlled by our decision as to the effect of those charges and their disposition.

In sum, it was the Board's position that if the final outcome of a criminal prosecution was a conviction, then a plea of guilty was evidence of the admission of the commission of the crime; but, where the alien had been the subject of court proceedings on criminal charges, and the ultimate disposition of those charges by the court fell short of a conviction, or nullified that conviction for deportation or exclusion purposes by a recommendation against deportation (or the same result was thereafter reached by a pardon, or later expungement or dismissal), the "admission" provisions could not be called into play to give the intermediate step of pleading a stronger effect than the ultimate disposition could have under the immigration laws. We are aware of no case in which a guilty plea, followed by something less than a conviction, or in a conviction with a recommendation against deportation or a subsequent pardon or expungement, has been found a sufficient admission, without more, to sustain a finding of deportability.

The Government, in its motion, urges that we have overlooked or misread the import of *Blumen* v. *Haff*, 78 F.2d 833, from which the following statement is often separated and quoted:

We think it clear that a plea of guilty is a confession of guilt within the meaning of the immigration laws. It is an admission under the most solemn circumstances, a judicial confession.

In *Blumen* v. *Haff*, the court had before it a case in which there had been a plea of guilty, a conviction that was in every respect final, which was never expunged, wiped out by pardon, or weakened by a recommendation against deportation, and after which the aliens served six years in the penitentiary. They were each thereafter charged with being deportable as one who "had been convicted of or admits the commission of a felony or crime or misdemeanor involving moral turpitude, to wit, grand larceny, prior to his entry in August, 1926." They denied that they had admitted commission of a crime, and it was in answer thereto that the above statement was made. However, taken in the context of what follows, we find it far from clear that this was the controlling or decisive factor in this decision. For the court went on to hold:

Furthermore, as they were convicted of an offense committed before their last entry, they were subject to deportation for that reason. *U.S. ex rel. Karpay* v. *Uhl* (CCA) 70 F.2d 792, and *U.S. ex rel. Rosen* v. *Williams* (CCA) 200 F. 538, 541; *U.S. ex rel. Volpe* v. *Smith*, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298. Also, as appellee [the Government] says, "they would have been deportable (8 U.S.C.A. § 155), if they had never left the United States, as aliens 'sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry'."

We conclude that the Secretary of Labor was right in ordering the petitioners deported.

The second argument advanced by the Service is that we may not disregard the "convictions" here, because they have in no way been set aside, expunged, dismissed, or shown to be inconsistent with the guilty pleas. However, this overlooks the important fact that there have never been "convictions" in this case.

The motion does not set forth sufficient basis for a change in the Board's decision, and will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.

o